UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sandra Harmon, | Civil Action No.: 4:17-cv-02931-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Sussex County, Todd Lawson, Constable Mike Castello, and Kelly Passwater, | |
| Defendants. | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III.[1] *See* ECF Nos. 8 & 10. The Magistrate Judge recommends transferring this case to the District of Delaware.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff, proceeding pro se, filed a complaint in this Court—the District of South Carolina—alleging government officials in Sussex County, Delaware have violated her "right to the peaceful enjoyment of [her] private property" located in Rehoboth Beach, Delaware and are seeking to demolish the property. *See* ECF No. 1. Plaintiff alleges that she is a resident of South Carolina and that all four defendants are residents of Delaware. *See* ECF No. 1 at p. 1–2. The Magistrate Judge recommends transferring this case to the District of Delaware because that is where proper venue lies.[3] *See* R & R at pp. 2–3.

In her objections, Plaintiff asserts transferring this case to Delaware will "inconvenience" and "result in prejudice to" her. *See* ECF No. 10. Plaintiff also cites 28 U.S.C. § 1332 and states: "It is my understanding through [the] diversity of citizenship statute that court appearance can be arranged where I, Plaintiff[,] can appear via video conference to all court hearings at the local district court, while the defendants will appear using the same mechanism." *Id.*

Notably, Plaintiff does ***not*** object to the Magistrate Judge's conclusion that the District of South

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] The Magistrate Judge *sua sponte* raised the issue of transfer of venue and properly afforded Plaintiff "an opportunity to be heard before a decision is rendered" in accordance with *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986). *See* R & R at p. 4 n.1.

2

Carolina is the wrong district for venue under 28 U.S.C. § 1391, which "generally govern[s]" venue.[4] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). As the Magistrate Judge correctly recognized, venue does not lie in this district because (1) no defendants reside here, (2) no substantial events or omissions occurred here and no substantial part of the property is situated here, and (3) there is a district where this action may be brought—the District of Delaware. *See* 28 U.S.C. § 1391(b) (listing the three categories of venue). Moreover, transfer is "in the interest of justice" and is *required* under 28 U.S.C. § 1406(a).[5] Accordingly, the Court will overrule Plaintiff's objections, adopt the R & R, and transfer this case to the District of Delaware.

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections, adopts and incorporates by reference the R & R [ECF No. 8], and **TRANSFERS** this case to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED.**

Florence, South Carolina  
December 19, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[4] Plaintiff apparently misunderstands the difference between subject matter jurisdiction and venue, which are two distinct legal principles. Subject matter jurisdiction is "the courts' statutory or constitutional *power* to adjudicate the case," *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998), while "[v]enue concerns the appropriate district court in which an action may be filed." *Fisher v. Virginia Elec. & Power Co.*, 243 F. Supp. 2d 538, 557 (E.D. Va. 2003). Although this Court may potentially have diversity subject matter jurisdiction under 28 U.S.C. § 1332, it lacks venue for the reasons explained above. Finally, the Court notes it does not conduct hearings, trials, or other proceedings "via video conference" as Plaintiff suggests.

[5] Section 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district ***shall*** dismiss, or if it be in the interest of justice, ***transfer such case to any district or division in which it could have been brought***." 28 U.S.C. § 1406(a) (emphasis added).

3