IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA HARMON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1817-RGA |
| SUSSEX COUNTY, TODD LAWSON, CONSTABLE MIKE CASTELLO, and KELLY PASSWATER, | : |
| Defendants. | : |

**MEMORANDUM**

Plaintiff Sandra Harmon appears *pro se*. She commenced this lawsuit to protect her private property and preserve her right to restore her home located in Rehoboth Beach, Delaware, that she owns with Leroy William Harmon Heirs and Lefton Harmon, Sr. (D.I. 1; D.I. 1-1 at p.8). Plaintiff alleges violations of her rights under the First and Fourteenth Amendments to peaceful enjoyment of the property and unlawful tactics by Sussex County government officials. On June 9, 2018, Plaintiff filed a motion for emergency relief, seeking a preliminary injunction to prevent a Sheriff's sale scheduled for June 19, 2018, in Sussex County, Delaware. (D.I. 27). The Court denied the motion on June 15, 2018. (D.I. 33, 34). Plaintiff moves for reconsideration. (D.I. 43). She has also filed a combined motion to find defense counsel in violation of 18 U.S.C. § 1621 and request for counsel (D.I. 37), a motion for judgment as a matter of law (D.I. 47), and an amended motion for judgment as a matter of law (D.I. 50). Briefing on the matters is complete.

1

Plaintiff asks the Court to find defense counsel in violation of 18 U.S.C. §1621. The motion will be denied. Section 1621 is the federal criminal perjury statute. Plaintiff takes exception to information and exhibits relied upon by defense counsel and contends they are perjurious. The Court has reviewed the evidence of record, and it does not support Plaintiff's position.

More importantly, however, Plaintiff cannot seek to impose criminal liability upon defense counsel, as she lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

The motion to find defense counsel in violation of 18 U.S.C. § 1621 also requests counsel. (*See* D.I. 37 at ¶ 19). The request will be denied. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*. Plaintiff paid the filing fee and has not sought *in forma pauperis* status. She does not qualify for counsel under § 1915.

Plaintiff moves for reconsideration of the June 15, 2018 Order that denied her motion for a preliminary injunction to prevent a Sheriff's sale schedule for June 19, 2018

in Sussex County, Delaware.[1] (*See* D.I. 34). Plaintiff argues the Court erred in abstaining under the *Younger* abstention doctrine because there was never a complaint filed, nor summons issued and served on her or others, and the motion should have been granted.[2] (D.I. 43). Defendants respond that the *Younger* abstention was not the sole reason the motion was denied, notes that the Court considered the merits of the motion and found Plaintiff failed to meet the requisites for injunctive relief, and Plaintiff did not address the alternative grounds for denial of the motion for injunctive relief in her motion for reconsideration. (D.I. 44). The motion for reconsideration will be denied.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or [to] prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

The Court has reviewed the filings and its memorandum opinion and order that denied the motion for injunctive relief. In addition to addressing abstention under the *Younger* abstention doctrine, the Court conducted an alternative analysis to determine if

---

[1] The background is set forth in the June 15, 2018 Memorandum. (*See* D.I. 33).

[2] State Court records indicate the property was sold to the highest bidder on June 19, 2018, that Plaintiff has filed objections to the sale, and that the matter is stayed pending resolution of the cases Plaintiff has filed in this Court. *See Department of Finance of Sussex County v. Harmon*, Civ. Act. No. S18T-01-002 (Del. Super. 2018) at July 16, 2018, July 31, 2018, August 7, 2018, November 7, 2018 docket entries).

injunctive relief was appropriate. The Court thoroughly addressed the requisites for injunctive relief and found that Plaintiff failed to meet her burden to show a reasonable probability that she would prevail on the merits. Therefore, injunctive relief was not appropriate. The Court finds that based upon the law and the facts, Plaintiff has failed to demonstrate any of the grounds necessary to warrant a reconsideration of the Court's June 15, 2018 memorandum opinion and order denying her motion for injunctive relief.

Plaintiff filed a motion for judgment as a matter of law and an amended motion for judgment as a matter of law. (D.I. 47, D.I. 50). The motions will be dismissed as premature.

Plaintiff does not indicate which Federal Rule of Civil Procedure she relies upon in filing her motions. Rule 50 is inapplicable as no trial has taken place. Rule 56 is premature based upon the May 31, 2018 Scheduling Order that provides that no case dispositive motion under Rule 56 may be filed more than ten days prior to February 1, 2018 without leave of Court. (*See* D.I. 26). If there is some other rule Plaintiff is relying upon, it is not apparent to me which it is.

For the above reasons, the Court will: (1) deny Plaintiff's combined motion to find defense counsel in violation of Section 1621 of Title 18 of the United States Code and request for counsel (D.I. 37) and motion for reconsideration (D.I. 43); and (2) dismiss as moot Plaintiff's motion for judgment as a matter of law and amended motion for judgment as a matter of law (D.I. 47, 50). An appropriate order will be entered.