IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SANDRA HARMON,                :

       Plaintiff,             :

       v.                         :         Civil Action No. 17-1817-RGA

SUSSEX COUNTY, TODD LAWSON,    :
CONSTABLE MIKE CASTELLO,        :
and KELLY PASSWATER,           :

       Defendants.         :

## MEMORANDUM

1.      Plaintiff Sandra Harmon appears *pro se.* She commenced this lawsuit to protect her private property and preserve her right to restore her home located in Rehoboth Beach, Delaware, which she owns with Leroy William Harmon Heirs and Lefton Harmon, Sr. (D.I. 1; D.I. 1-1 at p.8). Plaintiff alleges violations of her rights under the First and Fourteenth Amendments to peaceful enjoyment of the property and unlawful tactics by Sussex County government officials. On September 12, 2019, the Court granted Defendants' motion for summary judgment and denied Plaintiff's motion for summary judgment and motion to strike. (D.I. 76, 77). Plaintiff moves for reconsideration. (D.I. 79). Defendants oppose. (D.I. 86). Briefing on the matter is complete.

2.      Plaintiff moves for reconsideration due to "misinterpretation of Sussex County Administration Policies . . ., disregard of applicable state laws, [and] false statements of facts." (D.I. 79 at 1). Plaintiff argues that the Court's decision is "clearly unfair, not in the interest of justice, and a violation of [her] constitutional rights." (*Id.*).

Plaintiff also asks the Court to refer this matter to the "Federal Attorney General for possible charges under the Federal RICO Act."   (*Id.* at 7).

3.    The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."   *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).   "A proper Rule 59(e) motion . . . must rely on one of three grounds:   (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."   *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

4.    The Court has reviewed the relevant filings in the case, the facts presented and the applicable law as well as its September 12, 2019 memorandum opinion and order.   In addition, it considers Plaintiff's position and notes that the September 12, 2019 memorandum opinion addressed the issues Plaintiff raises in the instant motion.   The Court also considers Defendants' opposition to the motion for reconsideration.   Upon a complete review of this case, the Court finds that based upon the law and the facts, Plaintiff has failed to demonstrate any of the grounds necessary to warrant a reconsideration of the Court's September 12, 2019 memorandum opinion and order that granted Defendants' motion for summary judgment and denied Plaintiff's motion for summary judgment.   Finally, the Court declines to refer this matter to the Attorney General for consideration of RICO violations.

5.    **Conclusion**.   For the above reasons, the Court will deny Plaintiff's motion for reconsideration.   (D.I. 79).

November ___, 2019

UNITED STATES DISTRICT JUDGE